**THE GOVERNMENT OF GUAM, Appellee**

v.

**JOHN M. WEBSTER, Appellant**

Criminal No. 21-A

District Court of Guam

Appellate Division

March 19, 1962

*Counsel for Appellee:*    LOUIS A. OTTO, JR., *Attorney General;* JAMES P. ALGER, *Deputy Island Attorney*

*Counsel for Appellant:*    JOHN M. WEBSTER, *pro se*

Before SHRIVER, *Presiding Judge*, District Court and PEREZ, *Chief Judge*, Island Court of Guam

SHRIVER, *Judge*

## OPINION

The appellant was convicted in the Island Court for driving an automobile while under the influence of intoxicating liquor. He appeals and assigns as error the failure of the Island Court to expedite his trial, the failure of the Island Court to suppress evidence in advance of trial, and the use of evidence by the government of Guam which was illegally obtained. There is no merit in any of these contentions and we affirm.

The appellant was driving an automobile about midnight when he was stopped by members of the Armed Forces police. In his brief he states that he was asked to show his driver's license, which he produced, and thereafter proceeded toward his quarters. The Government contends that

the appellant represented to members of the Armed Forces police that he was a member of the Guam Legislature. The Armed Forces police contacted Guam police by radio and met with Guam police officers. While the two groups of officers were conferring the appellant drove by and was pointed out to the Guam police. The Guam police then proceeded to follow him for a considerable distance until his erratic driving caused them to stop him, take him into custody and escort him to a doctor at the Guam Memorial Hospital. The doctor at Guam Memorial Hospital gave the appellant a sobriety test, which he flunked.

On appeal the appellant does not contend that he was not driving under the influence of intoxicating liquor, but does contend that he was not given a fair trial. He contends that he first requested the Island Court to expedite the trial so that he could produce a favorable witness who was about to leave the island. The Island Court was under no obligation to accommodate its trial docket to the demand of the appellant. If the testimony was important, the appellant could have preserved it by deposition. The second complaint is that a motion to suppress evidence before trial was not granted. It is not clear as to what evidence was to have been suppressed. In any event, it was discretionary with the trial court as to whether it would conduct a pre-trial hearing on the motion, or whether it would take the matter up at the time of trial. The third contention is that, having been arrested by the Armed Forces police, if such arrest was illegal, any evidence subsequently obtained by the Guam police was tainted by the initial illegality. The short answer to this allegation is that the appellant was not arrested by the Armed Forces police, according to his own statement. He was stopped, required to produce his driver's license, and then permitted to proceed. The appellant cites a number of cases which we read-

ily accept which hold that after an illegal arrest, any evidence obtained by search and seizure may not be admitted. While it is true that except for the report made by the Armed Forces police the Guam police may not have been available to detect the driving, it is equally clear that the arrest by the Guam police was the result of their independent observations. Obviously, if the Armed Forces police had made an arrest, they would have detained the appellant until the Guam police arrived. They did not do so. The Guam police followed the appellant for a considerable distance until they were convinced by his erratic driving that he was under the influence of intoxicating liquor. The conviction is affirmed.